# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MARGARET PULERA,**
    **Plaintiff,**

  v.              Case No. 14-C-0761

**BENJAMIN COOPMAN,**
    **Defendant.**

---

## DECISION AND ORDER

  Margaret Pulera, proceeding pro se, has filed a complaint against Benjamin Coopman, the director of public works for Rock County, Wisconsin. Pulera contends that Coopman was in charge of a road-construction project that resulted in the creation of a highway intersection that she believes is dangerous. Coopman is sued in his official capacity, and thus Pulera's suit is essentially against Rock County. For relief, she requests an order requiring Rock County to restore the roads to their original configuration.

  At the scheduling conference, I questioned whether I have subject matter jurisdiction over the plaintiff's claim. See, e.g., Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006) (federal courts have an independent obligation to police their own jurisdiction). I then gave the plaintiff an opportunity to research the question and file a brief attempting to show that federal jurisdiction exists. She has filed that brief and now claims that jurisdiction is proper under 28 U.S.C. § 1331 because her claim is a "class of one" equal-protection claim. See Vill. of Willowbrook v. Olech, 528 U.S. 562 (2002). However, any such equal claim is wholly insubstantial and frivolous and therefore does not engage the jurisdiction of this court. See, e.g., Johnson v. Orr, 551 F.3d 564, 570 (7th Cir. 2008);

Beauchamp v. Sullivan, 21 F.3d 789, 790 (7th Cir. 1994). The claim is insubstantial and frivolous because Pulera has by her own admission not been singled out for unequal treatment. Rather, the danger supposedly created by the intersection is something that affects every person who uses the roads in Rock County. As Pulera alleges, the installation of the intersection has created a "deadly, hazardous situation for all who use these roads." ECF No. 13 at 2. Thus, the defendant has not treated Pulera any differently than he has treated the other citizens of Rock County. If the intersection is dangerous, it is dangerous to all, not just to Pulera.

Pulera also contends that the intersection was installed in violation of Wisconsin law—namely, Chapter 82 of the Wisconsin Statutes, which pertains to alterations of town highways. However, state-law violations do not give rise to federal jurisdiction unless the requirements for diversity jurisdiction have been satisfied. See 28 U.S.C. § 1332. Here, those requirements have not been satisfied because the parties are not citizens of different states. Pulera is a citizen of Wisconsin, and her suit is against a Wisconsin municipality, which is also a citizen of Wisconsin for purposes of diversity jurisdiction. Moor v. County of Alameda, 411 U.S. 693, 717 (1973). Thus, the alleged state-law violations cannot form the basis for federal jurisdiction.

Finally, I note that even if federal jurisdiction were otherwise proper, this action would likely be barred by the Rooker-Feldman doctrine. That doctrine prevents lower federal courts from reviewing rulings of state courts, no matter how unconstitutional or erroneous the state-court rulings might be. See Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008) (describing Rooker-Feldman doctrine). Pulera originally raised her challenge to the allegedly dangerous intersection in the Wisconsin courts. She lost that

challenge and now seeks a different result here. Thus, the Rooker-Feldman doctrine likely bars the exercise of federal jurisdiction over her claim. But because I do not know the full details of Pulera's state-court case and thus cannot be sure that Rooker-Feldman applies, I will not dismiss this case under that doctrine. Rather, I will dismiss this case for lack of subject matter jurisdiction due to the absence of any substantial and non-frivolous federal claim.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that defendant's motion to strike plaintiff's amended complaint is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 9th day of March 2015.

s/ Lynn Adelman

LYNN ADELMAN
District Judge